Matter of 655 Fifth Dutch Equities, LLC v Tax Commn. of the City of N.Y. (2020 NY Slip Op 06253)





Matter of 655 Fifth Dutch Equities, LLC v Tax Commn. of the City of N.Y.


2020 NY Slip Op 06253


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01553
 (Index Nos. 406331/13, 403881/14, 400001/15, 403636/16)

[*1]In the Matter of 655 Fifth Dutch Equities, LLC, appellant, 
v
Tax Commission of the City of New York, et al., respondents.


Tuchman, Korngold, Weiss, Liebman & Lindemann, LLP, New York, NY (YuhTyng Patka and Paul J. Korngold of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Vincent D'Orazio, Andrea M. Chan, and Kathrine M. Frank of counsel), for respondents.



DECISION & ORDER
In consolidated proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2013/2014 through 2016/2017, the petitioner appeals from an order of the Supreme Court, Kings County (Michael L. Pesce, J.), dated November 3, 2017. The order, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment on so much of the petitions as sought to reduce the assessments on the respective tax years only to the extent of awarding a limited reduction, and granted that branch of the respondents' cross motion which was for summary judgment determining that the 2013/2014 tax year is the first year that RPTL 1805(2) applied to the subject property.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner purchased the subject real property on April 29, 2013. It is undisputed that from 2010 through the relevant years, the property contained 10 residential units and 1 commercial unit. The parties agree that for the purposes of taxation, the property should have been classified on the assessment roll as a "class two" parcel with fewer than 11 residential units (see RPTL 1802[1]; 1805[2]), but that due to an error, from the 2003/2004 tax year until the filing of the instant petitions, the property was misclassified as only a class two parcel, without any subclassification denoting the limited number of residential units.
After purchasing the subject property, the petitioner commenced the first of these proceedings, seeking, inter alia, to have the property properly classified, to reduce the tax assessment for the 2013/2014 tax year based upon the reclassification, and for a corresponding tax refund. While the first proceeding was pending, the petitioner commenced similar proceedings seeking relief for each subsequent tax year through 2016/2017.
The petitioner moved, inter alia, for summary judgment on so much of the petitions as sought to reclassify the property, to reduce the tax assessments for the subject tax years based upon the reclassification, and for corresponding tax refunds. The petitioner sought to reduce the tax assessments based upon application of RPTL 1805(2), which imposes a limitation on the increase [*2]of assessments for class two parcels which have been identified on the assessment roll as having fewer than 11 residential units. Specifically, RPTL 1805(2) limits the increase of the assessment of any so identified parcel to no more than 8% annually, "as measured from the actual assessment on the previous year's assessment roll," and to no more than 30% for "any five-year period" (RPTL 1805[2]). The petitioner argued that since the property had been misclassified since the 2003/2004 tax year, the Supreme Court should recalculate the tax assessments beginning from that year as if the limitations of RPTL 1805(2) had been implemented in order to determine the proper tax assessments for the tax years at issue, that is, the 2013/2014 tax year though the 2016/2017 tax year.
The respondents, the Tax Commission of the City of New York and the Commissioner of Finance of the City of New York (hereinafter together the City), cross-moved, inter alia, for summary judgment determining "that the 2013/2014 tax year be deemed the first year in which [RPTL 1805(2)] applied to the Subject Property." The City did not oppose reclassification of the property to identify it as a class two parcel with fewer than 11 residential units, and it did not dispute that the provisions of RPTL 1805(2) would apply to any assessment once the property was so reclassified. However, it disagreed with the petitioner's proposed method of calculation, arguing that RPTL 1805(2) could only apply beginning with the 2013/2014 tax year since its identification on the prior years' assessment rolls were not challenged by the prior property owner. The City noted that during the years when the property was classified as only a class two parcel without any subclassification denoting the limited number of residential units, the prior owner benefitted from a transition assessment (see RPTL 1805[3]), which would not have been available were the property otherwise classified. The prior property owner may have chosen to not challenge the classification because of the benefit of the transition assessment and because RPTL 1805(2) did not provide a benefit since the actual increases in the assessed value were less than 8% for several years.
In the order appealed from, the Supreme Court determined that the property should be reclassified as a class two parcel with fewer than 11 residential units and that the provisions of RPTL 1805(2) would apply to any increases in the assessed value beginning with the tax year 2013/2014. The court declined to use the petitioner's proposed method of calculation, holding, instead, that the assessment for the 2013/2014 tax year would be measured against the 2012/2013 tax assessment, since that was the actual assessment on the immediately preceding year's assessment roll. Further, as to the limitation that no assessment shall increase by more than 30% in any five-year period, the court rejected the petitioner's contention that each tax year should be measured against the tax year five years preceding it. Instead, the court agreed with the City that the statute required the court to find the first year that RPTL 1805(2) would have applied to the property, which it determined was the 2001/2002 tax year, and that the limitation applied to each five-year period running from that year. Thus, the second five-year period commenced in 2006/2007, and the third five-year period commenced in 2011/2012. From this premise, the court measured the 2013/2014 tax assessment against the 2011/2012 tax assessment for the purposes of determining whether the five-year limitation had been violated. The petitioner appeals, arguing that the court erred in failing to calculate the subject tax assessments as though the property had been properly classified since the 2001/2002 tax year, and in failing to measure each year's assessed value against the five years preceding it.
RPTL 1805(2) provides that "[t]he assessment roll of a special assessing unit wholly contained within a city shall identify those parcels classified in class two which have fewer than eleven residential units. The assessor of any such special assessing unit shall not increase the assessment of any parcel so identified in any one year, as measured from the actual assessment on the previous year's assessment roll, by more than eight percent and shall not increase such assessment by more than thirty percent in any five-year period."
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York , 41 NY2d 205, 208 [citations omitted]; see Majewski v Broadalbin-Perth Cent. School Dist. , 91 NY2d 577, 583).
Here, the plain language of the statute prohibits the assessor from increasing the assessment of any parcel identified as a class two parcel with fewer than 11 residential units by more than 8% "as measured from the actual assessment on the previous year's assessment roll" (RPTL 1805[2]). The petitioner's contention that the court should perform a hypothetical recalculation of the property's assessed value for the years that it was misclassified is contrary to the plain language of the statute, which directs the court to measure from the "actual assessment" on the previous year's assessment roll. Further, under the plain language of the statute, the limitations on assessments set forth therein apply only to parcels that have been identified on the assessment roll as belonging to this specific subclass. Since the subject parcel was not so identified on the tax assessment roll for the tax years 2003/2004 through 2012/2013, the limitations of RPTL 1805(2) did not apply to the tax assessments on those years (see Matter of Brigandi v Finance Adm'r , 201 AD2d 646).
We agree with the petitioner that the Supreme Court should not have, for the purposes of determining whether the 2013/2014 assessment violated the limitation of no more than a 30% increase in "any five-year period," measured the 2013/2014 tax year against the 2011/2012 tax year. The plain language of the statute directs that the assessor shall not increase the assessment in any one year by more than 30% "in any five-year period." Thus, for a parcel that has been identified on the assessment role as a class two parcel with less than 11 residential units for more than five years, each tax year should be evaluated with the five years preceding it.
However, contrary to the petitioner's contention, it was not entitled to the limitations of RPTL 1805(2) for the five years preceding the 2013/2014 tax year. The statute, which was enacted in 1981, sets forth that the first such five-year period shall be measured from the individual assessment appearing on the assessment roll completed in 1981 "provided that, if such parcel would not have been subject to the provisions of this subdivision in [1981] had this subdivision then been in effect, the first such five-year period shall be measured from the first year after [1981] in which this subdivision applied to such parcel or would have applied to such parcel had this subdivision been in effect in such year" (RPTL 1805[2] [emphasis added]). Here, because the property was not identified on the assessment roll as a class two property with fewer than 11 residential units for the five years preceding the 2013/2014 tax year, RPTL 1805(2) did not apply during those years (see Matter of Brigandi v Finance Adm'r , 201 AD2d 646). Consequently, the first five-year period for the purposes of the subject challenged tax years begins with the 2013/2014 tax year, as that is the first year within the relevant time period that the parcel was identified on the assessment roll as a class two parcel with fewer than 11 residential units. Since the challenged tax years account for only a four-year period running from the 2013/2014 tax year, there is no five-year period to consider with respect to the subject petitions.
Contrary to the petitioner's contention, the provision in RPTL 1805(2) directing that the five-year period be measured from the first year the statute "would have applied to such parcel had this subdivision been in effect in such year" does not apply to the circumstances here. The subdivision was in effect during the five years preceding the 2013/2014 tax year. It did not apply to the subject parcel at that time because the parcel was not identified as such on the assessment roll (see Matter of Brigandi v Finance Adm'r , 201 AD2d 646).
Accordingly, the petitioner is not entitled to the relief sought on appeal.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court